THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Stipkala & Klosowski LLC d.b.a. Thrive IP®,

        Plaintiff,                            Civil Action No.: 2:21-cv-01829-DCN

v.

Thrive Law & Consulting LLC,

        and

Katherine Corinne Bischoff,

        Defendants.

_____

**COMPLAINT**

Plaintiff Stipkala & Klosowski LLC d.b.a. Thrive IP® ("Plaintiff"), by and through its attorneys, Thrive IP®, for its Complaint against Defendant Thrive Law & Consulting LLC, ("Thrive Law") and Defendant Katherine Corinne Bischoff ("Bischoff")(collectively "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for infringement of Plaintiff's federally-registered service mark THRIVE IP® under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.*, under the statutory and common laws of the State of South Carolina, all arising from the Defendant's unauthorized use of the mark THRIVE LAW & CONSULTING in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendants' legal services.

2.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b).  This Court further has jurisdiction over this action pursuant to 28 U.S.C. § 1367 under principles of supplemental jurisdiction.

4.      Defendants' purposefully directed activities in interstate commerce, including South Carolina, as more specifically alleged below, confer this Court with personal jurisdiction over Defendants pursuant to S.C. Code Ann. § 36-2-803.

## VENUE

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and/or 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district.

## PARTIES

6.      Plaintiff Stipkala & Klosowski LLC is a limited liability company formed under the laws of South Carolina with a place of business in North Charleston, SC.  Plaintiff has three members: Jeremy M. Stipkala is a citizen of South Carolina; Bernard S. Klosowski, Jr. is a citizen of South Carolina; and Peter L. Brewer is a citizen of Tennessee.  Founded in 2005 as Stipkala LLC, Plaintiff provides intellectual property and related legal services throughout the United States.

7. Upon information and belief, Defendant Thrive Law & Consulting LLC is a limited liability company that is incorporated in Minnesota and has its principal place of business in Minneapolis, MN. Upon information and belief, Defendant Thrive Law & Consulting LLC was founded in 2016 and offers legal services in the fields of employment and intellectual property law throughout the United States.

8. Upon information and belief, Defendant Katherine Corinne Bischoff is an individual who resides in or near Minneapolis, MN. Upon information and belief, Defendant Bischoff is a citizen of Minnesota. Upon information and belief, Defendant Bischoff is a member of the Minnesota Bar with a primary occupation of attorney. Upon information and belief, Defendant Bischoff offers legal services in the fields of employment law and related intellectual property law. Upon information and belief, Defendant Bischoff is the sole owner of Defendant Thrive Law & Consulting LLC.

9. Upon information and belief, Thrive Law & Consulting LLC is inactive as of December 31, 2020. Upon information and belief, Defendant Bischoff continues the infringing activities alleged herein in her individual capacity.

**FACTS**

A.  <u>Plaintiff and its THRIVE IP® Mark</u>

10. Plaintiff is a law firm specializing in intellectual property and related legal services. Such services include not only patent law and trademark law, but also litigation, contract law, trade secret law, and copyright law. For example, Plaintiff often drafts assignments of intellectual property rights to be signed by inventors and employees, as part of a client's human resources program.

3

11. Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 4,370,066 on the Principal Register in the United States Patent and Trademark Office for the service mark THRIVE IP® (hereinafter "the THRIVE IP® Mark") for "legal services, namely, providing intellectual property legal services" in International Class 045, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct copy of the registration certificate and maintenance records for Plaintiff's Registration No. 4,370,066, which was issued by the U.S. Patent and Trademark Office on July 16, 2013.

12. Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 6,376,968 on the Principal Register in the United States Patent and Trademark Office for the THRIVE IP® Mark for "legal services" in International Class 045. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Plaintiff's Registration No. 6,376,968, which was issued by the U.S. Patent and Trademark Office on June 8, 2021.

13. Plaintiff has used the THRIVE IP® Mark in commerce throughout the United States continuously since March 4, 2013 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of intellectual property and related legal services. Attached hereto as Exhibit 3 are copies of representative samples of Plaintiff's website at https://thrive-ip.com showing Plaintiff's use of the THRIVE IP® Mark in connection with its intellectual property and related legal services.

14. As a result of its widespread, continuous, and exclusive use of the THRIVE IP® Mark to identify its intellectual property and related legal services, Plaintiff owns valid and subsisting federal statutory and common law rights to the THRIVE IP® Mark. In addition,

Plaintiff owns common law state rights in and to the THRIVE IP® Mark in the various states where it provides intellectual property and other legal services, including but not limited to, South Carolina, Tennessee, and Virginia.

15. Plaintiff's THRIVE IP® Mark is distinctive to both the consuming public and Plaintiff's trade.

16. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the intellectual property and related legal services marketed under the THRIVE IP® Mark including through its website at Thrive-IP.com; affiliated websites CarolinaPatentAttorney.com, and Energy-IP.com; press releases; in-person lectures on various legal topics; webinars; trade mission participation; pitch contest judging; conference sponsorship; LinkedIn pages; trade organization membership and leadership; and conference attendance. During the years 2018-2019 alone, Plaintiff has expended in excess of seventy-five thousand US Dollars ($75,000.00) on the marketing, advertising, and in-person promotion of the intellectual property and related legal services sold under the THRIVE IP® Mark.

17. For example, in the past five years, Plaintiff's attorneys personally appeared and gave lectures on intellectual property legal topics in Illinois, Oklahoma, South Carolina, Tennessee, Texas, Israel, and Austria, and by webinar sponsored by the Association of Intellectual Property Firms and the American Law Institute. The THRIVE IP® mark was prominently displayed in various media at those lectures.

18. Plaintiff's attorneys actively serve as board members of the Association of Intellectual Property Firms, the Carolina Patent, Trademark, and Copyright Law Association, and the Tennessee Intellectual Property Law Association; routinely provide guest lectures to

universities and business development organizations (most recently AUTM); and mentor new attorneys.

19. Plaintiff's attorneys have published four books since 2018 on succeeding in law school and passing bar examinations. Available on Amazon.com and various platforms, the books have been purchased around the world.

20. In 2020, Plaintiff's gross revenues under the THRIVE IP® Mark exceeded one million dollars.

21. Plaintiff provides intellectual property and related legal services under the THRIVE IP® Mark to individuals, start-up and established businesses, government agencies, universities, other law firms, and FORTUNE 500® businesses across the United States and around the world.

22. Plaintiff has provided intellectual property and related legal services under the THRIVE IP® Mark to clients in U.S. district courts, before various state government agencies such as departments of state that register trademarks under state law and departments of corporations that register companies, before the National Arbitration Forum (arbiter of Uniform Domain Name Dispute Resolution Policy set by the Internet Corporation for Assigned Names and Numbers (ICANN)), before the United States Patent and Trademark Office, and before the International Bureau of the World Intellectual Property Organization.

23. The intellectual property and related legal services Plaintiff offers under the THRIVE IP® Mark are of high quality. Plaintiff has been awarded "Best Law Firm" in 2018 and 2019. Thrive IP® Attorney Peter L. Brewer has been named a MidSouth SuperLawyer® for 2019 and 2020.

24. As a result of Plaintiff's expenditures and efforts, the THRIVE IP® Mark has come to signify in the public's mind a high quality of intellectual property and related legal services, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

25. Plaintiff's THRIVE IP® Mark and the intellectual property and related legal services offered thereunder have received significant unsolicited coverage in various media, including an interview on National Public Radio (2017) and a quotation in the Journal of Petroleum Technology (2018), which is distributed internationally in print and electronic format.

B.   Defendant's Unlawful Activities

26. Upon information and belief, Defendants are engaged in providing legal services in the fields of employment law and related intellectual property law.

27. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its THRIVE IP® Mark, Defendants adopted and began using THRIVE LAW & CONSULTING (hereinafter, the "Infringing Mark") in interstate commerce in the United States.

28. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's THRIVE IP® Mark. Both marks start with and share "Thrive" as the first word. "Thrive" is the "dominant" portion of both marks. The "Thrive" portion of Plaintiff's THRIVE IP® Mark is viewed under trademark law as an "arbitrary" term that is worthy of a higher degree of exclusivity and protection.

29. Upon information and belief, Defendant has been engaged in the provision, advertising, promotion, offering for sale, and sale of employment and intellectual property legal services using the Infringing Mark throughout the United States. Attached hereto as Exhibits 4 and 5 are true and correct screenshot copies of representative webpages found at https://www.thrivelawconsulting.com showing Defendants' use of the Infringing Mark. Upon information and belief, Defendants launched their website at https://www.thrivelawconsulting.com on or about July 6, 2017.

30. Defendants' use of the Infringing Mark prominently features the word "Thrive:"



Exh. 4 at 1. For that and other reasons, "Thrive" is the dominant word in the Infringing Mark.

31. Upon information and belief, Defendant has provided employment and intellectual property legal services to clients in U.S. district courts, in state courts, and before various federal and state government agencies, that is, many of the same fora where Plaintiff provides its intellectual property and related legal services.

32. Upon information and belief, Defendants have marketed, advertised, and promoted their legal services under the Infringing Mark through a website at

https://www.thrivelawconsulting.com, a Thrive Law & Consulting page on FACEBOOK, and a LINKEDIN account.

33.     Defendants advertise employment law and intellectual property law legal services that overlap with Plaintiff's offerings:  "Confidentiality & Data Security," "Nonsolicitation & Noncompetition Agreements," "Social Media Policies & Use," "Social Media & Technology Use Agreements," "or an employee could be stealing trade secrets" all appear on the "Services" page published by Defendants.  *See* Exh. 5.

34.     A Google® internet search conducted from North Charleston, SC, for "Thrive law" (no quotation marks were used in the search) on June 16, 2021, revealed Defendants as the top two search results, and three hits total on the first page of search results.  The third hit identifying Defendants is Defendants' FACEBOOK page.  Plaintiff's website did not appear on the first page of search results.  Attached as Exhibit 6 is a true and correct copy of the Google® internet search results described in this paragraph.

35.     The contact information for Defendants on the several pages of their website https://www.thrivelawconsulting.com states only an email address and a phone number:

**CONTACT INFO:**

kbischoff@thrivelawconsulting.com
612.361.7707

Exh. 4 at 8.  Among other rules and laws, this appears to not comply with Rule 7.2(d) ("Any communication made pursuant to this Rule shall include the name and office address of at least one lawyer responsible for its content.") and Rule 7.2(h) ("All advertisements shall disclose the

geographic location, by city or town, of the office in which the lawyer or lawyers who will actually perform the services advertised principally practice law.") of the South Carolina Rules of Professional Conduct governing attorney advertisement. Nothing on Defendants' website https://www.thrivelawconsulting.com indicates Defendants' legal practice is limited to Minnesota.[1]

36. Upon information and belief, Defendants offer and sell their legal services under the Infringing Mark to individuals and businesses, that is, many of the same types of clients that Plaintiff serves. For example, Defendants advertise "[f]or small and high-growth companies, tHRive Law & Consulting offers an eight-hour, employee-lifecycle compliance audit designed to identify areas where improvements could be made." Exh. 5 at 2.

37. Based on the dates alleged herein, Defendants are the "junior user" relative to Plaintiff of the word "Thrive" in the United States in connection with the provision of legal services.

38. Plaintiff anticipates spending thousands of dollars in corrective advertising and "search engine optimization" to overcome Defendants' aggressive, willful, and multi-platform campaign to squash Plaintiff's visibility to prospective clients performing internet searches using the dominant and distinctive portion of Plaintiff's THRIVE IP® mark.

39. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's employment and intellectual property legal services and have and are

---

[1] "Minneapolis Minnesota" appears in the top margin only once the website is printed to PDF format. *See, e.g.,* Exh. 4.

likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's employment and intellectual property legal services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

40. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's THRIVE IP® Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's intellectual property and related legal services to the Defendants. For example, Defendants' Infringing Mark employs the "TM" symbol, indicating a familiarity with basic trademark law. *See* Exh. 4 at 1. Upon information and belief, Defendants knew or should have known of Plaintiff's THRIVE IP® Mark at the time Defendants began using the Infringing Mark.

41. Defendants' acts are causing, and unless enjoined, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**COUNT ONE (Federal Trademark Infringement)**

42. Plaintiff repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein, not inconsistent herewith.

43. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' employment and related intellectual property legal services, and is likely to cause consumers to believe, contrary to fact, that Defendants' employment and intellectual property legal services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in

some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the THRIVE IP® Mark and with the willful intent to cause confusion and to trade on Plaintiff's goodwill.

45. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

46. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO (Federal Unfair Competition)**

47. Plaintiff repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein, not inconsistent herewith.

48. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' employment and related intellectual property legal services, and is likely to cause consumers to believe, contrary to fact, that Defendants' employment and intellectual property legal services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

49. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

50. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

51. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Additional damage may be caused to Plaintiff if this Complaint is reported by legal publications, potentially exposing Plaintiff (and, incidentally, to Defendants as well) to unwanted negative, but unavoidable, publicity. Trademark law requires Plaintiff to file this Complaint in the present circumstances, or lose trademark rights.  Plaintiff has no adequate remedy at law.

53. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT THREE (South Carolina Unfair Trade Practices Act Liability)**

54. Plaintiff repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein, not inconsistent herewith.

55. Defendants' conduct as alleged herein constitutes unfair and deceptive acts in the conduct of trade or commerce.

56. Defendants' conduct as alleged herein is offensive to public policy and is immoral, unethical, and oppressive, especially in light of the likelihood of confusion between Plaintiff's THRIVE IP® Mark and the infringing THRIVE LAW & CONSULTING mark.

57. Defendants' conduct as alleged herein is deceptive, as it has a tendency to deceive consumers as to the source of Defendants' business, and employment and intellectual property legal services.

58. Defendants' conduct as alleged herein constitutes an attorney advertising her services in South Carolina in a false, deceptive, or misleading manner within the meaning of S.C. Code Ann. § 39-5-39 (1985).

59. Defendants' conduct as alleged herein has affected the public interest, at least because Defendants' conduct is continuous and capable of being repeated.

60. Defendants' conduct as alleged herein has caused Plaintiff to suffer monetary and property losses as a result of Defendants' unfair and deceptive acts.

61. A significant portion of the harm caused by Defendants' conduct as alleged herein has directly and indirectly affected the people of South Carolina by injecting confusion into the stream of commerce.

62. Upon information and belief, Defendants knew or should have known that Defendants' conduct as alleged herein violated S.C. Code Ann. § 39-5-20.

63. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, the Court finding that Defendants' conduct as alleged herein was a willful or knowing violation of Section 39-5-20 of the South Carolina Code of Laws, three times actual damages, reasonable attorneys' fees, and such other relief as the Court deems necessary or proper.

**WHEREFORE**, Plaintiff requests judgment and relief against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendants have violated the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.* (1985).

3. That the Court grant an injunction preliminarily and permanently enjoining the Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote legal services bearing the mark THRIVE LAW & CONSULTING or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's THRIVE IP® Mark;

   b. engaging in any activity that infringes Plaintiff's rights in its THRIVE IP® Mark;

  c. engaging in any activity constituting unfair competition with Plaintiff;

  d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' employment and intellectual property legal services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's intellectual property and related legal services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

  e. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

  f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark THRIVE LAW & CONSULTING or any other mark that infringes or is likely to be confused with Plaintiff's THRIVE IP® Mark, or any goods or services of Plaintiff, or Plaintiff as their source, whether before the U.S. Patent and Trademark Office or the State of Minnesota or elsewhere; and

  g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4. That the Court grant such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered

16

or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's intellectual property and related legal services.

5.     That the Court direct Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, promotional items, advertisements, signs, displays, websites, social media accounts and postings, and other materials that feature or bear any designation or mark incorporating the mark THRIVE LAW & CONSULTING or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's THRIVE IP® mark, and to direct all advertisers, trade associations, social media platforms, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, promotional items, advertisements, signs, displays, and other materials featuring or bearing the mark THRIVE LAW & CONSULTING or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's THRIVE IP® mark, and to immediately remove them from public access and view.

6.     That the Court direct Defendants to assign to Plaintiff the domain name www.thrivelawconsulting.com and any other domain name owned or controlled by Defendants consisting of, incorporating, or containing Plaintiff's THRIVE IP® mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof.

7.     That the Court direct Defendants to formally abandon with prejudice any and all of its applications to register and registrations of the mark THRIVE LAW & CONSULTING or any

17

mark consisting of, incorporating, or containing Plaintiff's THRIVE IP® mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8.  That the Court direct Defendants to cancel with prejudice any and all of its registrations for the mark THRIVE LAW & CONSULTING or any mark consisting of, incorporating, or containing Plaintiff's THRIVE IP® mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.  That the Court direct Defendants to change the corporate name of Defendant Thrive Law & Consulting LLC on the records of the Secretary of State of Minnesota and in any other for a where that corporate name appears to a name that does not consist of, incorporate, or contain Plaintiff's THRIVE IP® mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof.

10. That the Court direct, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11. That the Court award Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12. That the Court direct Defendant to account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14.     That the Court declare that Defendants have committed a violation of Section 39-5-20 of the South Carolina Unfair Trade Practices Act.

15.     That the Court award actual damages to Plaintiff in accordance with the South Carolina Unfair Trade Practices Act (S.C. Code Ann. § 39-5-140(a)).

16.     That the Court declare that Defendants have committed a willful or knowing violation of Section 39-5-20 of the South Carolina Unfair Trade Practices Act.

17.     That the Court award three times actual damages to Plaintiff in accordance with the South Carolina Unfair Trade Practices Act (S.C. Code Ann. § 39-5-140(a)).

18.     That the Court award reasonable attorneys' fees and costs to Plaintiff in accordance with the South Carolina Unfair Trade Practices Act (S.C. Code Ann. § 39-5-140(a)).

19.     That the Court award such other and further relief as the Court deems just and proper.

Dated:  June 16, 2021                                  Respectfully submitted,
        North Charleston, SC

                                                       s/Jeremy M. Stipkala

                                                       Jeremy M. Stipkala (Fed. Id. No. 10479)
                                                       Thrive IP®
                                                       5401 Netherby Lane
                                                       Suite 1201
                                                       North Charleston, SC 29420
                                                       843.580.9057
                                                       Jeremy.Stipkala@Thrive-IP.com

                                                       *Attorney for Plaintiff Thrive IP®*