RECEIVED
USDC CLERK, CHARLESTON, SC

2021 OCT 21 PM 2: 24

THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Stipkala & Klosowski LLC d.b.a. Thrive IP

    Plaintiff,

v.

tHRive Law & Consulting LLC and
Katherine Corinne Bischoff,

    Defendants.

Civil Action No.: 2:21-CV-01829-DCN

**DECLARATION OF KATHERINE CORINNE BISCHOFF**

I, Katherine C. Bischoff, submit the following Declaration:

1. I am an attorney in good standing in the State of Minnesota. I own my practice named k8bisch LLC. I provide legal services, including advice and counsel, employee and manager training, workplace investigations, and policy review and drafting for employers.

2. In late September 2021, I dissolved my law firm, tHRive Law & Consulting LLC and created a new law firm, k8bisch LLC.

3. I changed the domain name of my previous firm's website.

4. Attached hereto as Exhibit A is a true and correct copy of the search results for "Stipkala" as a party in lawsuits filed in the District of South Carolina. These results show only two lawsuits, this one and the one initiated against Jamie Marcario.

5. Attached hereto as Exhibit B is a true and correct copy of an email from Jeremy Stipkala to Mary Cullen on October 2, 2021 in which Mr. Stipkala refers to me as Ms. Kate four times in seven sentences.

6. Attached hereto as Exhibit C is a true and correct copy of correspondence dated October 8, 2021 addressed to Jeremy Stipkala outlining notice pursuant to Rule 11.

1

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October 2021, in Hennepin County, Minnesota.

Dated: October 20, 2021         _____

# Select A Case

**Stipkala & Klosowski LLC is a plaintiff in 2 cases.**

| | | |
|---|---|---|
| [2:20-cv-02456-RMG](#) | Stipkala & Klosowski LLC v. Thrive Law PA et al | filed 06/29/20  closed 09/01/20 |
| [2:21-cv-01829-DCN-MHC](#) | Stipkala & Klosowski LLC v. Thrive Law & Consulting LLC et al | filed 06/16/21 |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/19/2021 18:39:06 | | | |
| **PACER Login:** | k8bischoff:5599294:0 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Stipkala |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EX A

Begin forwarded message:

**From:** Jeremy Stipkala <jeremy.stipkala@thrive-ip.com>
**Subject: Possible Settlement or Further Litigation - Stipkala & Klosowski LLC v. Thrive Law & Consulting LLC**
**Date:** October 2, 2021 at 10:09:07 AM CDT
**To:** Mary Cullen <mary@thecullengrp.com>
**Cc:** Ben Klosowski <ben@thrive-ip.com>, Peter Brewer <pbrewer@thrive-ip.com>

### *Communication Pursuant to FRE 408*

Dear Mary:

As you may know, Ms. Kate has filed an Answer *pro se* in our litigation. Significantly, it appears that she has changed or is changing her brand. See https://k8bisch.com/ (accessed Oct. 2, 2021).

If indeed she is changing her brand, then perhaps we can conclude this lawsuit. Please consider the attached draft Confidential Settlement and Mutual Release Agreement. Or, if you no longer represent her (as suggested by her *pro se* filing), please forward this message and the attachment to Ms. Kate.

On the other hand, if this litigation will continue, please note the requirements of Loc. Civ. R. 26.01 (D.S.C.). It appears that Ms. Kate has not complied with that rule yet.

Please let me know how Ms. Kate wishes to proceed by close of business, **Friday, October 8, 2021**, so that we may prepare for the next activities in this litigation.

All rights and remedies expressly reserved.

With best regards,

Jeremy

Jeremy M. Stipkala, Ph.D., J.D.
U.S. Patent Attorney

Thrive IP®
5401 Netherby Lane
Suite 1201
North Charleston, SC 29420
USA
843.580.9057 (phone)
866.747.2595 (fax)
202.256.5696 (mobile)

Jeremy.Stipkala@Thrive-IP.com

This e-mail and any attachments are confidential and may be privileged. If you are not the intended recipient, please delete this e-mail and all attachments and notify the sender at Jeremy.Stipkala@Thrive-IP.com. Stipkala & Klosowski LLC is doing business as Thrive IP®.

EX B

# k8bisch

October 8, 2021

**VIA EMAIL**
Jeremy Stipkala, Esq.
Stipkala & Klosowski
5401 Netherby Lane
Suite 1201
North Charleston, SC 29420
jeremy.stipkala@thrive-ip.com

**Re:    *Defendant Katherine Bischoff's Rule 11 Notice*
         *Court File No. 2:21-cv-01829-DCN-MHC***

Dear Mr. Stipkala:

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, this letter constitutes notice of Defendant Katherine Bischoff's intent to move for sanctions given what presumes to be Plaintiff's Motion for Temporary Restraining Order (Docket 17). Plaintiff's Motion (if filed) violates Rule 11(b) as it is being filed for an improper purpose and the claims and legal contentions contained in Plaintiff's Memorandum are not warranted by existing law.

First, Plaintiff has not filed a Motion for Temporary Restraining Order. Plaintiff has only filed a Memorandum in Support with exhibits. (See Docket No. 17.)

Second, Plaintiff is under some misguided understanding of defamation law and litigation privilege. Defamation requires an objectively provable false statement. The facts as admitted by Plaintiff are: (1) Plaintiff attached blog posts in which I argue for diverse and inclusive workplaces as examples of my alleged infringement of Plaintiff's mark; (2) Plaintiff did not sue the male-owned Thrive Law Group; and (3) you personally, repeatedly referred to me as "Ms. Kate," a pejorative widely recognized as demeaning and belittling to women when used in a professional setting.[1] Thus, no defamation exists.

I never called Plaintiff sexist or racist. I didn't even imply or insinuate. Again, I used facts for which Plaintiff cannot deny. Even if I did, defamation law does not provide a remedy for those statements. Allegations of sexism and racism are a matter of opinion, and therefore cannot be defamatory. *See Garrard v. Charleston Cnty. Sch. Dis.*, 429 S.C. 170, 838 S.E.2d 698 (2019); *see also McCafferty v. Newsweek Media Group, Ltd.*, 955 F.3d 352 (3rd Cir. 2020) (holding a defamation claim fails where the claim of racism is a matter of opinion); *Stevens v. Tillman*, 855 F.2d 394 (7th Cir. 1988)(holding being called racist was not defamatory); *Doe v. Syracuse Univ.*, 468 F.Supp.3d 480 (N.D.N.Y. 2020) (holding the term "racist" is a nonactionable as an opinion).

Moreover, my statement of "gender-based decisions" is taken directly from the Answer and enjoys litigation privilege. Much like Plaintiff's allegation that my use of tHRive Law & Consulting was "willful with deliberate intent to trade on the goodwill of Plaintiff's THRIVE IP" is protected. Quite frankly, I had no idea Thrive IP existed, so it would be impossible for me to trade on

---

[1] See the comments to the LinkedIn post and Twitter thread. Notably, Plaintiff has not sued any individual commentators. Additionally, please preserve any and all correspondence in which you refer to any male as Mr. [first name] prior to October 1, 2021 and not containing any attorney-client privileged information if any such documents exist. This will be a request made during discovery.



Plaintiff's goodwill. I have not alleged a defamation claim stemming from this allegation exactly because of the litigation privilege. Litigation privilege allows for attorneys to zealously argue their client's behalf – much like Plaintiff's allegation of my willful and deliberate intent. Given the facts as Plaintiff has admitted, the statement of "gender-based decisions" is made in good faith and reasonable as demonstrated by the comments to the social media posts.

Furthermore, litigation is designed to be in the public eye. This is exactly why Ms. Hu wrote about Plaintiff's action against Ms. Marcario. All parties get to make claims and/or defend their actions in the court of law *and* the court of public opinion. Plaintiff[2] was well aware that I could and likely would share the facts of this matter publicly. That is the risk every Plaintiff takes when initiating suit. In the social media posts, I pointed to the facts of this matter. Others commented. Plaintiffs have sued none of those individuals – individuals I have no control over. I did not place a billboard on I-26, I simply explained my actions of closing down my business after being sued by Plaintiff who repeatedly referred to me as "Ms. Kate" and didn't sue the man with nearly exactly the same firm name. How this matter is reported in the press or the comments the posts receive are well outside of my control yet continue to be a matter of public interest as all litigation is. If Plaintiff's desire was to stay out of the public eye and receive no scrutiny for its conduct, it could have sought to resolve its claims prior to filing this action. It did not.

As for personal jurisdiction, please see *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002). This case establishes that the U.S. District Court, District of South Carolina maintains no personal jurisdiction over me even if I post the facts of this case on social media that could be read in South Carolina. My posts – like the articles posted by the *New Haven Advocate* – were directed at my followers and potential clients in Minnesota.

What else does Plaintiff want? Plaintiff has received everything it set out to do by this lawsuit. tHRive Law & Consulting, LLC no longer exists. Plaintiff's purported Motion only seeks to harass and cause additional financial and emotional cost to me and my family.

If Plaintiff wishes to pursue its purported Motion for Temporary Restraining Order, I will move for Rule 11 sanctions. Please inform me no later than October 11, 2021 close of business.

Sincerely,

*s/Kate Bischoff*

Kate Bischoff

---

[2] Interestingly, Plaintiff is particularly upset that it was tagged in the LinkedIn post. Yet, Plaintiff has no followers and the page itself is unclaimed.