UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stipkala & Klosowski, LLC, doing business as Thrive IP®, <br><br> Plaintiff, <br><br> v. <br><br> Thrive Law & Consulting, LLC; <br> Katherine Corinne Bischoff, <br><br> Defendants. | C/A No. 9:21-01829-DCN-MHC <br><br><br> **REPORT AND RECOMMENDATION** |

Plaintiff filed the above action asserting claims under the Lanham Act and the South Carolina Unfair Trade Practices Act.[1] On October 7, 2021, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, alleging that pro se Defendant Katherine Corinne Bischoff has caused Plaintiff irreparable harm through allegedly "defamatory statements widely broadcast on social media." ECF No. 17 at 1. On October 21, 2021, Defendant Bischoff filed a Response in opposition in which she denied liability, argued that the Court lacks personal jurisdiction over her, averred that she has dissolved her business and taken down all of the challenged social media posts, and requested a dismissal with prejudice. ECF No. 21. Plaintiff filed a Reply, indicating a willingness to dismiss the lawsuit voluntarily without prejudice in the interest of judicial economy, as follows:

> Defendant Bischoff states that she has ceased all use of the "Thrive" brand. She has changed her domain name and appears to have taken down her defamatory posts. That being the case, [Plaintiff] is willing to dismiss the pending litigation without prejudice, with all parties to cover their own costs and fees, allowing the Court to

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

> move on to other important business. . . . If a dismissal without prejudice is not possible, [Plaintiff] seeks the relief set forth in its Memorandum (ECF No. 17-1 at 17-19).

ECF No. 23 at 1–2. The undersigned construes Plaintiff's Reply as a request to dismiss the lawsuit without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Rule 41(a)(2) of the Federal Rules of Civil Procedure states: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Fourth Circuit has expressed that voluntary dismissal under Rule 41(a)(2) is favored, and a plaintiff's motion to dismiss pursuant to this Rule "should not be denied absent substantial prejudice to the defendant." *Evans v. Milliken & Co.*, C/A No. 7:13-cv-2908-GRA, 2013 WL 6780588, at *3 (D.S.C. Dec. 19, 2013) (citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986)); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. *Gross v. Spies*, 133 F.3d 914 (Table), 1998 WL 8006, at *5 (4th Cir. 1998).

In considering a request for voluntary dismissal, the court should consider the following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation." *Id.* "These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case." *Id.*

The undersigned concludes that all of the *Gross* factors weigh in favor of dismissal of this action. The case is in an early stage, as discovery has not begun, and Defendants have not expended

much effort or expense preparing for trial.[2] There is no showing of excessive delay or lack of diligence on the part of Plaintiff, who provided a sufficient explanation for why it is seeking dismissal. Other than potentially facing renewed litigation, Defendants will not suffer substantial or legal prejudice from a voluntary dismissal of Plaintiff's case at this time. *See, e.g.*, *Davis v. U.S.X. Corp.*, 819 F.2d 1270, 1274–75 (4th Cir. 1987) ("[P]rejudice to the defendant does not result from the prospect of a second lawsuit," nor will "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation . . . serve to bar a second suit."). Thus, the undersigned recommends that Plaintiff's request for voluntary dismissal without prejudice be granted.

## RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

The parties' attention is directed to the important notice on the next page.

_____
Molly H. Cherry
United States Magistrate Judge

October 28, 2021
Charleston, South Carolina

---

[2] Of the two named Defendants, only Defendant Bischoff has made an appearance or filed an Answer in this case. *See* ECF No. 7 (Defendant Bischoff's Answer to Complaint).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).